UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTY KEMPER**<br>    **PLAINTIFF,** | ) ) ) | |
| **VS.** | ) ) ) ) ) | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |
| **LTD FINANCIAL SERVICES, L.P.**<br>    **DEFENDANT.** | ) ) | **UNLAWFUL DEBT COLLECTION**<br>**PRACTICES** |

**COMPLAINT**

**I.  INTRODUCTION**

1.     Plaintiff John Llamas alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Telephone Consumer Protection Act. 47 U.S.C. § 227 et seq. (hereinafter "TCPA).  Specifically, Defendant, through the actions of its employees, left a series of prerecorded messages on Plaintiff's cell phone without his consent or authorization in an effort to collect on a debt.  The messages did not give the required disclosure regarding Defendant status as a debt collector nor did they mention that the communication was from a debt collector.

**II. JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337 and diversity of citizenship.   Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff is a natural person residing in the County of St. Louis, State of Missouri.

4. Defendant LTD Financial Services, L.P. (hereinafter referred to as "LTD") is an entity organized pursuant to the law of the State of Texas, doing business in the State of Missouri. LTD's Registered Agent is Lexis Document Services, Inc., 221 Bolivar Street, Jefferson City, MO 65101.

5. Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone. Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their employment with Defendant, and with its actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff received 11 prerecorded phone messages on her residential phone line from Defendant during the period of time spanning from July 1, 2008 and December 1, 2008 in an effort to collect on a debt which was allegedly originally owed to Target National Bank. The alleged obligation is a consumer debt as defined in 15 U.S.C. § 1692a(5).

8. Each call was received by Plaintiff on her residential phone which bears the following number: (314) 966-5453. Plaintiff has no pre-existing relationship with Defendant and never gave Defendant consent to leave prerecorded messages her residential phone line. Plaintiff has retained, preserved and transcribed the recorded phone messages.

9. The full content of each of the 11 prerecorded messages received on Plaintiff's residential line included only the following language: "741-2100.  This is not a solicitation or sales call.  Please call 1-800-741-2100.  I appreciate your prompt response.  If you didn't get a chance to write down the phone number, this message will repeat.  I have an important call for the party at this number.  Please return the call to 1-800-741-2100.  This is not a solicitation or a sales call.  Please call 1-800-741-2100.  I appreciate your prompt response."

## **VIOLATIONS OF THE FDCPA**

10. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

11. Defendant's actions violated the FDCPA.  The violations include, but are not limited to, the following:

>   (a)  Defendant violated 15 U.S.C. § 1692e(11) when it left prerecorded messages on Plaintiff's residential phone line which failed to indicate that the communication was from a debt collector;
>
>   (b)  Defendant violated 15 U.S.C. § 1692d(6) when it left prerecorded messages on Plaintiff's residential phone line which failed to provide meaningful disclosure of Defendant's identity;
>
>   (c)  Defendant's actions were unfair and unconscionable means to collect the debt in violation of 15 U.S.C. § 1692f..

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as may be just and proper.

## **VIOLATIONS OF THE TCPA**

13. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

14. Defendant's actions violated the TCPA. The violations include, but are not limited to, the following:

> (a) Defendant violated 47 U.S.C. § 227(b)(1)(B) when it left prerecorded messages on Plaintiff's residential phone lines on 11 separate occasions without Plaintiff's prior express consent;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Damages pursuant to 47 U.S.C. § 227(b)(3);

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Christy Kemper
**Christy Kemper**


Respectfully submitted,

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@sswaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479

4